**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freddie Crespin,<br><br>              Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-15-00992-PHX-SPL<br><br>**ORDER** |

      Before the Court is Respondents' Motion to Stay (Doc. 46). On November 8, 2017, this Court granted Petitioner Freddie Crespin's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 36). The Court further directed the State of Arizona to vacate and set aside Petitioner's sentence and, at a minimum, conduct a status conference to schedule Petitioner's resentencing within ninety days of entry of the order (Doc. 43). Respondents request this Court stay the order pending final resolution of their appeal to the Ninth Circuit (Doc. 46).

      "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). Instead, "[i]t is an exercise of discretion" and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id*. at 672-73; *see Hilton v. Braunskill*, 481 U.S. 770, 777 (1987) (noting that "the traditional stay factors contemplate individualized judgments in each case."). In deciding a motion to stay, courts are guided by sound legal principles that have been distilled into the consideration of four factors: "(1) whether the stay applicant has made a

strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton*, 481 U.S. at 776). Although "the formula cannot be reduced to a set of rigid rules," *Hilton*, 481 U.S. at 777, the first two factors are the most critical and must be satisfied before the second two factors are considered, *Nken*, 556 U.S. at 434-35. Ultimately, the movant bears the burden of showing that the circumstances warrant an exercise of the court's discretion. *Nken*, 556 U.S. at 433-34.

## I. Likelihood of Success on the Merits

The State argues that this Court made four significant errors of law in granting Crespin relief. First, the State alleges that Crespin's guilty plea bars his claim, and specifically argues that the Court erred in finding that *Miller v. Alabama*, 567 U.S. 460 (2012), applies retroactively to undo a guilty plea. This argument, however, mischaracterizes both the Petitioner's argument and the Court's ruling. As extensively stated in prior briefing and orders, Petitioner challenges his sentence and not the underlying conviction. Based on this misrepresentation of the fundamental argument, as well as the supporting case law relied upon by the Court in its decision, the Court finds the State is unlikely to succeed on this claim.

The State also argues this Court erred by misapplying 28 U.S.C. § 2254(d), failing to conduct *de novo* review, and granting habeas corpus without establishing prejudice. Section § 2254(d) provides that federal courts may not grant a writ of habeas corpus unless the adjudication of a claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d)(1)-(2).

The State claims that this Court erred in concluding that based on *Miller v. Alabama*, 567 U.S. 460 (2012), it "'inescapably' follows that a defendant's pretrial agreement to a natural life sentence is tantamount to defendant receiving a mandatory life sentence." (Doc. 46 at 6). Again, this characterization of the Court's conclusion is inaccurate. Instead, the Court's Order was based on a finding that the Arizona Court of Appeals' conclusion that the sentencing court complied with *Miller* was unreasonable *given the record before it*. The Court of Appeals affirmed the dismissal of Crespin's petition for post-conviction relief, noting the following:

> It is clear from the record the [sentencing] court not only understood there were multiple sentencing options for first-degree murder, but that it considered those options in the context of Crespin's character, age and the nature of the offense before deciding if it would accept the plea agreement.

(Doc. 11 at Ex. L, ¶ 9). This conclusion, however, is in direct conflict with the actual record, in which there is evidence that the sentencing court believed it was bound by the stipulated natural life sentence, irrespective of Petitioner's age or other mitigating factors. Accordingly, because the Arizona Court of Appeals' decision runs counter to clearly established federal law, a condition which allowed this Court to grant Crespin's Petition for a Writ of Habeas Corpus, this Court finds the State is unlikely to succeed on these claims.

## II. Remaining Factors

In reviewing the four factors "[t]he balance may depend to a large extent upon determination of the State's prospects of success in its appeal." *Hilton*, 481 U.S. at 778. A movant's failure to satisfy even one prong of the traditional stay standards "dooms the motion." *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (finding that in the related test for a preliminary injunction, a movant is required to make a showing on all four prongs); *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) ("Regardless of how one expresses

the [likelihood of success] requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits."); *see also Hilton*, 481 U.S. at 778 ("Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control."); *Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (finding no serious legal argument and declining to address the remaining factors relevant to a stay pending appeal). Accordingly,

**IT IS ORDERED** that the Motion to Stay (Doc. 46) and Motion to Expedite Ruling (Doc. 49) are **denied**.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time (Doc. 50) is **granted**. Respondents shall have **until October 4, 2018** to conduct the status conference.

Dated this 15th day of June, 2018.

Honorable Steven P. Logan
United States District Judge